ORIGINAL

1  EDWARD M. WOLKOWITZ (State Bar No. 68298)
   1888 Century Park East, Suite 1500
2  Los Angeles, California 90067
   Telephone: (310) 277-7400
3  Telecopier: (310) 277-7584

4  Former Chapter 7 Trustee



UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>AVO ASDOURIAN AND MARLENE ASDOURIAN<br><br>Debtors. | Bk. No. 2:95-bk-29269-ER<br><br>Chapter 7<br><br>**FORMER CHAPTER 7 TRUSTEE'S MOTION FOR ORDER REOPENING CASE; DECLARATION OF EDWARD M. WOLKOWITZ**<br><br>[11 U.S.C. §350(b); Federal Rules of Bankruptcy Procedure 5010; Local Bankruptcy Rule 9013-1(g)]<br><br>[No Hearing Required] |

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE:**

Edward M. Wolkowitz, the former Chapter 7 trustee in the above-captioned case, respectfully moves this Court for an order pursuant to 11 U.S.C. § 350(b) and Federal Rules of Bankruptcy Procedure 5010 to reopen the above-captioned bankruptcy case on the grounds that the case must be reopened to administer a recently discovered asset. Specifically, the Trustee has been notified that Debtor Avo Asdourian has been

///

MRR/00182148.WPD/MTN/01111.000

awarded a settlement in a class action lawsuit and the settlement proceeds are property of the Debtors' bankruptcy estate.

Accordingly, the Trustee respectfully requests that this Court enter an Order:

1. Granting this motion;
2. Reopening this bankruptcy case;
3. Requesting that the Office of the United States Trustee reappoint Edward M. Wolkowitz as Trustee; and
4. Granting such other and further relief as is just and appropriate.

DATED: March 10, 2008         Respectfully submitted,

_____
EDWARD M. WOLKOWITZ
Former Chapter 7 Trustee

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

This case was commenced on July 31, 1995 by the filing of a Voluntary Petition under Chapter 7 of the Bankruptcy Code. Edward M. Wolkowitz (the "Trustee") was thereafter appointed Trustee.

Following his review of the Debtors' Schedules and Statement of Financial Affairs and examination of the Debtors at their 341(a) Meeting of Creditors on September 29, 1999, the Trustee filed a Report of Trustee in Chapter 7 No Asset Case. The Debtors' were discharged on November 30, 1995, and the order closing the case was entered on December 8, 1995.

On or about January 15, 2008, Debtor Avo Asdourian advised the Trustee that he was notified that he was recently awarded a settlement of approximately $20,000 in a Florida class action lawsuit styled <u>Allapattah Services Inc., et al., v. Exxon Corp</u>, Case No. 91-0986-CIV-GOLD. Debtor Avo Asdourian was advised by plaintiff's counsel that the settlement proceeds were property of the Debtors' bankruptcy estate because the Debtors' had not scheduled the lawsuit in their bankruptcy schedules. The Trustee reviewed the Debtors' schedules and determined that the Debtors had no unused exemptions on their Schedule C. Thus, the settlement proceeds are property of the estate, and the case must be reopened for administration of the settlement proceeds by the Trustee.

For that reason, the Trustee seeks an order reopening this case for administration by a chapter 7 trustee.

1  ///

## II.

### ARGUMENT

A. **This Court Has Discretion To Reopen The Case.**

Section 350 of the Bankruptcy Code and Rule 5010 of the Federal Rules of Bankruptcy Procedure address the standard and procedure for the reopening of a case. Section 350(b) provides:

> "A case may be reopened in the court in which such case was closed to administer assets, to afford relief to the debtor, or for other cause."

11 U.S.C. § 350.

> Rule 5010 provides in relevant part:
> "A case may be reopened on motion of the debtor or any other party in interest pursuant to § 350(b) of the Code."

Fed. R. Bankr. P. 5010.

A motion to reopen the case "is addressed to the sound discretion of the Bankruptcy Court." In re Herzig, 96 B.R. 264, 266 (9th Cir. BAP 1989); In re Bianucci, 4 F.3d 526, 528 (9th Cir. 1993).

The Trustee further contends that reappointment of a trustee is necessary to protect the interests of the creditors in this case. Indeed, the Trustee submits that he should be reappointed so that he can administer the settlement proceeds for the benefit of the estate.

B. **Sufficient Cause Exists to Reopen the Case.**

Sufficient cause exists to reopen this case. Counsel for the plaintiffs in the class action lawsuit advised Debtor Avo Asdourian that the settlement funds belong to his bankruptcy

MRR/00182148.WPD/MTN/01111.000                    -4-

1 funds.

2 The Trustee further contends that reappointment of a
3 trustee is necessary to protect the interests of the creditors in
4 this case. The Trustee submits that he should be reappointed so
5 that he can administer the estate's interest in the settlement
6 proceeds for the benefit of the estate.

7 III.

8 **LOCAL BANKRUPTCY RULE 9013-1(G)(1)(M) AUTHORIZES THE COURT TO**
9 **PROVIDE THE RELIEF SOUGHT WITHOUT A HEARING.**

10 Local Bankruptcy Rule 9013-1(g)(1)(M) provides,

11 > Other motions. The court may determine other
> motions using this procedure provided that the
12 > motion specifies why this procedure is
> appropriate under 11 U.S.C. § 102(1)(B) given
13 > the facts of the case.

14 Further, Section 102(1)(B) of the Bankruptcy Code provides,

15 > (1) "after notice and a hearing", or a similar
> phrase - (B) authorizes an act without an
16 > actual hearing if such notice is given
> properly and if - (i) such a hearing is not
17 > requested timely by a party in interest.

18 In the case at bar, this Motion was served upon the
19 Debtor, creditors of the estate, and the Office of the United
20 States Trustee. Further, the Trustee does not expect any
21 opposition to the Motion. Thus, the Trustee respectfully requests
22 that the Court find that notice has been sufficient for the
23 purpose of this Motion and that the Motion be approved without the
24 need for a hearing.

25 ///
26 ///
27 ///
28 ///

IV.

## CONCLUSION

For all of the above reasons, the Trustee requests that the Court reopen this case.

DATED: March 10, 2008        Respectfully submitted,

_____
EDWARD M. WOLKOWITZ
Former Chapter 7 Trustee

# DECLARATION OF EDWARD M. WOLKOWITZ

I, Edward M. Wolkowitz, declare as follows:

1. I was the duly-appointed, qualified, and acting Chapter 7 Trustee for the bankruptcy estate of Avo Asdourian and Marlene Asdourian, the debtors herein. I make this declaration in support of the attached Motion for Order Reopening Bankruptcy Case. Each of the following facts are of my own knowledge, and if called upon and sworn as a witness, I could and would competently testify thereto.

2. This case was commenced on July 31, 1995 by the filing of a Voluntary Petition under Chapter 7 of the Bankruptcy Code. I was thereafter appointed Trustee.

3. Following his review of the Debtors' Schedules and Statement of Financial Affairs and examination of the Debtors at their 341(a) Meeting of Creditors on September 29, 1999, the Trustee filed a Report of Trustee in Chapter 7 No Asset Case. The Debtors' were discharged on November 30, 1995, and the order closing the case was entered on December 8, 1995.

4. On or about January 15, 2008, Debtor Avo Asdourian advised the Trustee that he had recently been notified of a settlement in his favor of approximately $20,000 in a Florida class action lawsuit styled <u>Allapattah Services Inc., et al., v. Exxon Corp</u>, Case No. 91-0986-CIV-GOLD. Debtor Avo Asdourian was advised by plaintiff's counsel that the settlement proceeds were property of the Debtors' bankruptcy estate because the Debtors' had not scheduled the lawsuit in their bankruptcy schedules. The Trustee reviewed the Debtors' schedules and determined that the

1  Debtors had no unused exemptions on their Schedule C.

2      5.   I desire to reopen this bankruptcy case so that I
3  can administer the settlement proceeds.

4      I declare under penalty of perjury under the laws of
5  the United States of America that the foregoing is true and
6  correct and that this Declaration was executed at Los Angeles,
7  California on February __, 2008.

                                      EDWARD M. WOLKOWITZ

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1888 Century Park East, Suite 1500, Los Angeles, California 90067.

On March 10, 2008, I served the foregoing document described as: **FORMER CHAPTER 7 TRUSTEE'S MOTION FOR ORDER REOPENING BANKRUPTCY CASE; AND SUPPORTING DECLARATION OF EDWARD M. WOLKOWITZ** on interested parties in this action by placing a true copy thereof in a sealed envelope as follows:

Debtor in Pro Se:
Avo Asdourian
1480 N. Allen Ave.
Pasadena, CA 91104

Debtor:
Marlene Asdourian
722 E. Walnut St.
Pasadena, CA 91101

United States Trustee
725 S. Figueroa St., 26th Floor
Los Angeles, CA 90017

Attys. for Allapattah Services:
J. Eric Price
STEARNS WEAVER MILLER et al.
150 W. Flagler Street
Miami, FL 33130

__x__ **By mail**: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct.

Executed on March 10, 2008 at Los Angeles, California.

ADELAIDA OLVERA